UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott Johnson,<br><br>    Plaintiff,<br><br>  v.<br><br>Delta National Bancorp, a California Corporation; Watheq Nabeel Abdelhaq; and Does 1-10,<br><br>    Defendants. | No. 2:14-cv-01083-GEB-EFB<br><br>**ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE** |
| AND RELATED CROSS-COMPLAINT | |

The July 23, 2014 Order Continuing Status (Pretrial Scheduling) Conference scheduled a status conference in this case on October 27, 2014, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. No status report was filed as ordered.

Therefore, each party is Ordered to Show Cause ("OSC") in a writing to be filed no later than October 27, 2014, why sanctions should not be imposed against the party and/or the party's counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether the party or the party's counsel is at fault, and whether a hearing is requested on the

1

OSC.[1] If a hearing is requested, it will be held on November 24, 2014, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference. Since Defendant Delta National Bancorp has filed two Answers by different counsel, (ECF Nos. 6, 9), and this Defendant filed a Cross-Complaint for Indemnity in connection with one of its Answers, (ECF No. 5), the joint status report shall address representation of Defendant Delta National Bancorp and whether the referenced Cross-Complaint will be served and prosecuted.

IT IS SO ORDERED.

Dated:  October 16, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).